UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELOISE EASTERLING,                :    CIVIL ACTION NO.
    Plaintiff                     :    3:02CV393 (MJK)
                                  :
VS.                               :
                                  :
STATE OF CONNECTICUT, DEPT. OF    :
LABOR, OSHA DIVISION, ET AL.,     :
    Defendants                    :    OCTOBER 17, 2003

FILED
Oct 17  3 10 PM '03
DISTRICT COURT
NEW HAVEN, CONN.

**DEFENDANT AFSCME, COUNCIL 4, AFL-CIO'S REPLY TO PLAINTIFF'S "MOTION IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT"**

Pursuant to D.Conn. L.Civ.R. 7(d), defendant AFSCME, Council 4, AFL-CIO [hereinafter the "Union"] hereby responds to the plaintiff's "Motion in Opposition to Motion for Summary Judgment," filed September 9, 2003 [hereinafter the "Opposition"].

**I.    RELEVANT PROCEDURAL BACKGROUND**

The Union filed its motion to dismiss this action on August 15, 2003. On September 9, 2003, the Opposition was filed. By virtue of the title of the Opposition, the substance thereof, and the fact that it has been docketed as "Motion by Eloise Easterling for Leave to File Opposition to summary judgment," the Union did not realize at first that the Opposition was intended as a response to the Union's motion to dismiss, filed August 15, 2003. Consequently, counsel for the Union contacted the Court for clarification. On September 29, 2003, the Union was orally advised that, notwithstanding the title and docketing designation of the Opposition, the Court is construing such document as a response to the Union's motion to dismiss.

Subsequently, on September 30, 2003, the Court (Kravitz, J.) issued an order allowing the Union until October 19, 2003, to file a reply to the Opposition.

## II. ARGUMENT

### A. Because the plaintiff's complaint is entirely devoid of facts which, if proven, would entitle her to relief from the Union, this action should be dismissed with respect to the Union.

Even a most generous reading of the plaintiff's complaint reveals that she has alleged no facts which, if proven, would entitle her to relief. Although the Opposition is replete with conclusory allegations, she has failed entirely to set forth any facts which, if proven, would support such allegations. More importantly, none of the statements of alleged wrongdoing by the Union which she now posits were presented in her complaint. Therefore, the motion to dismiss should be granted on the grounds that the plaintiff has failed to state a claim in her complaint on which relief may be granted.

"The jurisdiction of the District Court is to be determined by the allegations of the complaint." Moore v. Chesapeake & Ohio Railway Co., 291 U.S. 205, 210, 54 S. Ct. 402, 404, 78 L.Ed. 755 (1934). The Court's "duty to be 'less stringent' with pro se complaints does not require [it] to conjure up unpled allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979). It is not the responsibility of either the Union or the Court to scour the file of this case to determine what the plaintiff might have wished to plead. That obligation rests with the plaintiff alone, regardless of whether she is pro se or represented. "Even pro se litigants ... must meet certain minimal standards of pleading ... [and] must adhere to the rudimentary dictates of civil procedure." Holsey v. Collins, 90 F.R.D. 122, 128 (D.Md. 1981). This pro se litigant has failed entirely to allege any facts in her complaint which, if proven, would entitle her to relief from the Union. Therefore, this action should be dismissed with respect to the Union.

**B.   Even if the Opposition were to be construed as articulating a claim for a breach of the duty of fair representation, it would be futile to permit the plaintiff to amend her complaint to incorporate such allegations therein.**

The Opposition is replete with new and unsupported arguments which appear to accuse the Union of breaching its duty of fair representation. Although the plaintiff might ordinarily be permitted to amend her complaint to present such a claim, in this case any such amendment would be futile, because the plaintiff is incapable of presenting a viable claim for a breach of the duty of fair representation over which this Court has jurisdiction.

> If an amendment is futile, "it is not an abuse of discretion to deny leave to amend" to the moving party. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir.1993). A determination that a proposed claim is futile is made under the same standards that govern a motion to dismiss under Fed.R.Civ.P. 12(b)(6). See A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 160 F.Supp.2d 657, 666 (S.D.N.Y.2001). Thus, an amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." Randolph-Rand Corp. of New York v. Tidy Handbags, Inc., No. 96-1829, 2001 WL 1286989, at *5, 2001 U.S. Dist. LEXIS 17625, at * 15 (S.D.N.Y. Oct. 24, 2001) (quoting Jones v. New York Div. of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir.1999)).

Hampton Bays Connections, Inc. v. Duffy, 212 F.R.D. 119, 123 (E.D.N.Y. 2003).

Even if the plaintiff were permitted to amend her complaint to incorporate the arguments set forth in the Opposition, such amended complaint would be subject to immediate dismissal under any number of theories. Therefore, the motion to dismiss should be granted.

**1.   Because the claims against the Union, as set forth in the Opposition, were not raised before the EEOC, the plaintiff failed to exhaust her administrative remedies with respect to such claims, and this Court lacks subject matter jurisdiction over the claims.**

Even if the Opposition were to be construed as alleging a claim against the Union under Title VII, this Court lacks jurisdiction over such claim, because the plaintiff failed to exhaust her administrative remedies with respect to such claim.

As set forth more fully in the Union's Memorandum at Section II.D, pp. 7-14, the filing of a timely charge with the EEOC is a jurisdictional prerequisite to the assertion of a claim under Title VII. It is undisputed that the plaintiff's EEOC charge failed to identify the Union as a respondent and failed to allege any wrongful conduct by the Union and that the plaintiff has not disputed the Union's argument that the identity of interests exception is inapplicable in this case.

First, the plaintiff failed to exhaust her administrative remedies against the Union with respect to the issue of racial discrimination.[1] In fact, the plaintiff's EEOC complaint, even against the State, was not predicated upon a claim of racial discrimination. Ex. A.[2] To the contrary, as Ex. A reveals, although the plaintiff had originally claimed racial discrimination as a basis for her EEOC complaint, she specifically revoked this claim, crossing it out and initialing it. Her entire focus in the EEOC complaint was that she had been a victim of retaliation on the basis of an earlier civil rights complaint. In the absence of a claim of racial discrimination by the Union in the EEOC complaint, this Court lacks jurisdiction over such a claim now, even if such claim were otherwise properly pled.

Second, while the plaintiff states that the Union "just do[es]n't represent Blacks and Hispanics," she does not allege that her race was the reason—or even *a* reason—for the Union's alleged breach of its duty of fair representation.[3] Although a pro se litigant's complaint must be construed generously, the plaintiff is still obligated to meet minimal pleading requirements, rather than requiring the Court to search for unpled claims. McDonald, 610 F.2d at 19. Therefore, because the plaintiff failed to exhaust her administrative remedies with respect to a claim for a breach of the duty of fair representation, the motion to dismiss should be granted.

---

[1] The Opposition makes no reference to the plaintiff's age or to the ADEA and, therefore, it cannot be construed as alleging a violation of the ADEA.

[2] "Ex. A" and "Ex. B" refer to the exhibits to the Union's motion to dismiss.

4

> 2. **Even if the Opposition is construed as presenting a claim for a breach of the duty of fair representation, such claim would arise out of state law, and this Court lacks jurisdiction over the claim.**

Even if the Court were to hold that the arguments in the Opposition can be viewed as constituting a claim for a breach of the duty of fair representation, such claim must fail, because this Court lacks subject matter jurisdiction over such claim.

The plaintiff does not claim that this Court has jurisdiction pursuant to over the Union pursuant to § 301 of the Labor-Management Relations Act [hereinafter "LMRA"]; however, the LMRA is the only federal basis for a claim of the duty of fair representation. Because the LMRA does not apply to state and municipal employees, and because the plaintiff has pled no facts which would support federal jurisdiction under any other theory, this Court lacks subject matter jurisdiction, and the case should be dismissed as against the Union.

The LMRA defines "employer" and "employee" as follows:

> (2) The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include . . . **any State or political subdivision thereof . . . .**
>
> (3) The term "employee" shall include any employee, and shall not be limited to the employees of a particular employer, . . . but **shall not include any individual employed . . . by any other person who is not an employer as herein defined.**

29 U.S.C. § 152(2) and (3) [emphasis added]

As these subsections makes clear, there are only two ways that the plaintiff could have invoked jurisdiction under § 301 against the Union. First, the Union could have been her employer. It is undisputed, however, that her employer was the State of Connecticut, and not the Union; therefore, this option fails. Second, she could have been employed by a private

---

[3]The plaintiff has never alleged her race or ethnicity.

employer. Because her employer was the State, however, she did not work for an employer covered by the LMRA. Therefore, this alternative must also fail.

In N.L.R.B. v. Natural Gas Utility District of Hawkins County, Tennessee, 402 U.S. 600, 604, 91 S. Ct. 1746, 1749, 29 L.Ed.2d 206 (1971), the U.S. Supreme Court considered the meaning of the phrase "political subdivision" as used in 29 U.S.C. § 152(2), stating: "Congress enacted the § 2(2) exemption to except from Board cognizance the labor relations of federal, state and municipal governments . . . ." Accordingly, state and federal courts have long held that governmental employers are excluded from the LMRA. See, e.g., Casey v. City of Fairbanks, 670 P.2d 1133, 1138 (Alaska 1983) ("The Labor Management Relations Act . . . expressly exempts state and municipal government employees from coverage."); Boynton v. Town of Bethel, 1998 WL 417575 (Mottolese, J.); Long v. City of Saginaw, 911 F.2d 1192 (6th Cir. 1990); Canady v. Washington Metropolitan Area Transit Authority, 909 F.Supp. 324 (D.Md. 1995); Storlazzi v. Bakey, 894 F.Supp. 494 (D.Mass. 1995), aff'd 68 F.3d 455 (1995).

In the instant case, the Union's duty of fair representation to state employees arises out of Title 5 of the Connecticut General Statutes, not the LMRA. Conn. Gen. Stat. § 5-271(d) establishes a labor organization's duty of fair representation with respect to state employees who are members of the bargaining unit. Accordingly, an employee who seeks to bring a claim under this statute does so pursuant to state law.

Because the plaintiff, as a state employee, is not entitled to the protections of the LMRA, this Court has no jurisdiction over any claim she might present for a breach of the duty of fair representation. Accordingly, even if her pleading is somehow construed as presenting a claim for a breach of the duty of fair representation, this action should be dismissed.

3. **Even if the Opposition is construed as presenting a claim for the breach of the duty of fair representation and this Court determines that it has jurisdiction over such claim, the plaintiff has failed to plead facts which would entitle her to relief under such theory.**

A union breaches its duty of fair representation to a client "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190, 87 S. Ct. 903, 17 L.Ed.2d 842 (1967); Labbe v. Hartford Pension Commission, 239 Conn. 168, 194 (1996). Even construing the Opposition as containing allegations, the plaintiff has failed to plead a viable claim for breach of the duty of fair representation, and so the motion to dismiss should be granted.

"Arbitrary or bad-faith conduct . . . or substantial evidence of fraud, deceitful action or dishonest conduct . . . is required to show a breach of the duty of fair representation." Cruz v. Local Union No. 3 of the Int'l. Bhd. of Electrical Workers, 34 F.3d 1148, 1154 (2d Cir. 1994), quoting Ryan v. New York Newspaper Printing, 590 F.2d 451, 455 (2d Cir. 1979) [ellipses in Cruz]. Arbitrary conduct must be "so egregious, so far short of the minimum standards of fairness to the employee and so unrelated to legitimate union interests as to be arbitrary." Barr v. United Parcel Service, Inc., 868 F.2d 36, 43 (1989). "A union's action are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness . . . as to be irrational." Labbe, 239 Conn. at 195, quoting Air Line Pilots v. O'Neill, 499 U.S. 64, 67, 111 S. Ct. 1127, 113 L.Ed.2d 51 (1991) [internal quotation marks omitted, ellipses in Labbe]. In order for a union's actions to be in bad faith such that the duty of fair representation is breached, such actions must involve fraudulent, deceitful or dishonest conduct. Int'l. Union of Electrical Workers v. NLRB, 41 F.3d 1532, 1537 (D.C. Cir. 1994). Moreover, even read generously, there is simply no way that the Opposition can be construed as setting for a claim for a breach of the duty of fair representation on the basis

7

of discrimination, since the plaintiff has pled no facts which would permit a finding that the Union acted or failed to act because of her race.

The plaintiff's claim is that the Union failed to present certain evidence on her behalf. Opposition at 6-7. This is insufficient to state a claim for breach of the duty of fair representation, since the duty "is not breached where the union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance." Cruz, 34 F.3d at 1153-54. As long as the Union acted in good faith, the court may not intercede on the part of an employee who may have been prejudiced by a rationally founded decision. Cook v. Pan American World Airways, Inc., 771 F.2d 635, 645 (2d Cir. 1985). Mere negligence or tactical errors on the part of the Union in processing a grievance do not constitute a breach of the duty of fair representation. Barr v. United Parcel Service, 868 F.2d 36, 43-44 (2d Cir. 1989); Murphy v. Air Transport Local 501, 123 F.Supp.2d 55, 58 (D.Conn. 2000); Fleming v. The Stop & Shop Supermarket Co., 36 F.Supp.2d 87, 90-91 (D.Conn. 1999).

Therefore, even if this Court finds that it has jurisdiction over the plaintiff's claim of the breach of the duty of fair representation, the plaintiff has failed to state a claim upon which relief may be properly awarded, and the motion to dismiss should be granted.

### 4.    Even if the Opposition is construed as presenting a claim for the breach of the duty of fair representation, such claim is time-barred.

The argument set forth in the Opposition, construed most generously toward the plaintiff, is essentially that the Union failed to produce a document that could have led to a different result for the plaintiff and that it failed to call certain witnesses on her behalf. Pl. at 4, 6-7, 9. In other words, the Opposition purports to set forth a claim for a breach of the duty of fair representation. Even if it were possible for the plaintiff to allege a cause of action in a document other than a

8

complaint, a claim for a breach of the duty of fair representation is time-barred, and this Court therefore lacks subject matter jurisdiction over such claim.

Even if the plaintiff had an otherwise actionable claim for breach of the duty of fair representation, such claim is now time-barred, as it is well settled that a lawsuit alleging a breach of the duty of fair representation must be filed within six months of the time the member knew or reasonably should have known of the alleged breach. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 171, 103 S. Ct. 2281, 76 L.Ed.2d 476 (1983); Thibault v. Stop & Shop Companies, Inc., 585 F.Supp. 1359, 1361 (D.Conn. 1984); Wilhelm v. Sunrise Northeast, Inc., 923 F.Supp. 330, 337 (2d Cir. 1995).

The Union notes that it is not inconsistent to find that any claim for the breach of the duty of fair representation arises under state law, and yet apply the federal statute of limitations to such claim. Although Connecticut state courts have not yet addressed the timeframe for the filing of a claim for a breach of the duty of fair representation arising under state law, Connecticut courts have held that, because its various labor relations acts "are closely patterned after the National Labor Relations Act, the decisions of the United States Supreme Court are 'of great assistance and persuasive force' in the interpretation of our own labor relations law." Local 1186 of Council No. 4, AFSCME, AFL-CIO v. State Bd. Of Labor Relations, 224 Conn. 666, 670-71 (1993), citing West Hartford Education Assn., Inc. v. DeCourcy, 162 Conn. 566, 579 (1972). As noted above, federal courts are unanimous that a claim for a breach of the duty of fair representation must be brought within six months. No logical basis exists for a finding that a duty of fair representation brought under state law should have a different limitations period.

Accordingly, even if the plaintiff had properly pled a viable claim for a breach of the duty of fair representation over which this Court had jurisdiction, such claim would be time-barred.

5. **In the absence of allegations and evidence that the employer breached the collective bargaining agreement, the plaintiff's claim against the Union for an alleged breach of the duty of fair representation is insufficient as a matter of law.**

In <u>Mastro v. Board of Education of the Town of Hamden</u>, 200 Conn. 482 (1986), the Connecticut Supreme Court considered the claims of a former employee against the employer for breach of the collective bargaining agreement and against the union for breach of the duty of fair representation. Having found that the employer had not breached the applicable collective bargaining unit, the Court addressed the claim against the union and stated, "[W]e do note that an employee <u>has no cause of action whatsoever</u> against his union where the employer has not breached the collective bargaining agreement." <u>Id</u>. at 487, citing <u>Hines v. Anchor Motor Freight, Inc.</u>, 424 U.S. 554, 568-70, 96 S.Ct. 1048, 1058-59, 47 L.Ed.2d 231 (1976) [emphasis added].

In <u>Spellman v. Town of East Lyme</u>, 1995 WL 216893 at *4 (Hurley, J.), <u>affirmed</u> 41 Conn. App. 909 (1996), the Court granted summary judgment for the union on the plaintiff employee's claim of the breach of the duty of fair representation on the grounds that there was no breach of the collective bargaining agreement.

The plaintiff has not alleged, either in her complaint or in the Opposition, that her former employer breached the collective bargaining agreement. In the absence of such allegation, the plaintiff's claim, as set forth in the Opposition, that the Union breached its duty of fair representation fails as a matter of law to state a claim upon which relief may be granted. Therefore, the motion to dismiss should be denied.

### III. <u>CONCLUSION</u>

For the reasons set forth above and in the Union's motion to dismiss, the Union respectfully asks that this Court dismiss the instant action as against the Union.

DEFENDANT, AFSCME, COUNCIL 4, AFL-CIO

By _____
J. William Gagne, Jr.
Law Office of J. William Gagne, Jr.
& Associates, P.C.
1260 Silas Deane Highway
Wethersfield, CT 06109
(860) 522-5049
Federal Bar No. ct24677

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed via first-class mail, postage prepaid, on October 17, 2003, to all counsel and pro se parties of record, as set forth below:

Ms. Eloise Easterling
35 Imlay Street
Hartford, CT 06105

A.A.G. Edward F. Osswalt
A.A.G. Maria C. Rodriguez
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

_____
J. William Gagne, Jr.

11