UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELOISE EASTERLING,<br>    *PLAINTIFF* | : | CIVIL ACTION NO. 3:02CV393 (MPK) |
| V. | : | |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF LABOR,<br>OSHA DIVISION, ET AL.,<br>    *DEFENDANTS* | : | APRIL 30, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**BACKGROUND**

The plaintiff, Eloise Easterling, filed a Complaint for Employment Discrimination with the United States District Court of Connecticut. In her Complaint she alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. and violations of the Age Discrimination Act of 1967, as amended, 29 U.S. C. §§ 621, et seq. In her Complaint the plaintiff named the following defendants, State of Connecticut, Department of Labor, OSHA Division; AFLCIO; Thomas Malecky, Labor Relations Director; Donald Heckler, Director, OSHA Division; Richard Palo, Asst. Director; Bennett Pudlin.[1]

---

[1] The plaintiff also names the AFLCIO as a defendant, but the undersigned does not represent the AFLCIO.

1

On or about May 28, 2002, the defendants, State of Connecticut, Department of Labor, OSHA Division; Thomas Malecky; Donald Heckler; Richard Palo; and Bennett Pudlin filed a Motion to Dismiss all of the claims of the plaintiff's Complaint. On March 13, 2003, the defendant's Motion to Dismiss was granted as to all claims against the individual defendants. The Motion to Dismiss was also granted as to all claims against the Department of Labor, except for plaintiff's claims of retaliation under Title VII and the ADEA. Doc # 29, Ruling on Defendant's Motion to Dismiss, issued March 13, 2003.

The defendant, State of Connecticut, Department of Labor, is entitled to summary judgment on any claim of retaliation brought under the ADEA on the grounds of sovereign immunity. The defendant, State of Connecticut, Department of Labor, is entitled to summary judgment on any claim of retaliation brought under Title VII on the grounds that the plaintiff has failed to establish a claim. The defendant hereby submits this brief in support of their motion for summary judgment pursuant to Fed. R. Civ. P. 56.

## FACTS

The defendant's Local Rule 56(a)(1) Statement of Material Facts As To Which There is No Genuine Issue To Be Tried, submitted pursuant to Local Rule 56(a)(1), constitutes the facts of this case. Said Statement of Facts is incorporated herein by reference.

## STANDARD OF REVIEW

A motion for summary judgment is granted when there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter

of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552-53 (1986). The burden is on the moving party to demonstrate the absence of any material issue genuinely in dispute. American Int'l Group v. London American Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2512 (1986).

As this court has noted, the district court must "carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture. . . Thus the question is whether the evidence can reasonably and logically give rise to of discrimination under all the circumstances." Bickerstaff v. Vassar College, 196 F.3d 435, 447 (2d Cir. 1999).

Recently in the case of Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000), the Supreme Court recognized that simply offering some evidence does not meet the burden of showing pretext. The court noted:

> For instance, an employer would be entitled to summary judgment as a matter of law if the record conclusively revealed some other, non-discriminatory reason for the employer's decision, **or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there is abundant and uncontroverted independent evidence that no discrimination has occurred.** (Emphasis added).

Id. Accordingly, the plaintiff must offer more than speculation or difference in opinion about not being able to get a job with the State of Connecticut in order to prove a pretext for discrimination.

3

## LAW

### A.  The Court Lacks Subject Matter Jurisdiction Over The Plaintiff's Claim Of Retaliation Under The ADEA.

The defendants filed a Motion to Dismiss, which included an argument that the court lacks subject matter jurisdiction over plaintiff's claim made under the ADEA.  The court's Ruling on Defendant's Motion to Dismiss dismissed the ADEA claim, but allowed a retaliation claim under the ADEA to remain.  The court stated that was not "decide whether <u>Kimel</u> bars an ADEA <u>retaliation</u> claim against the Department, and the Department has not argued the point.   Ruling on Defendant's Motion to Dismiss, p.11.  The defendant maintains that the 11th Amendment to the United States constitution deprives this court of subject matter jurisdiction over the plaintiff's claim under the ADEA, including any claim of retaliation under 29 U.S.C. § 623(d) and accordingly, the plaintiff's claim for retaliation under the ADEA must be dismissed for lack of subject matter jurisdiction.

The Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq*., makes it unlawful for an employer to discriminate based on age.  29 U.S.C. § 623, provides in relevant part, that

> (a) Employer practices. It shall be unlawful for an employer--
>   (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; . . . .

> (d) Opposition to unlawful practices; participation in investigations, proceedings, or litigation. It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this Act.

The United States Supreme Court in Kimel, et al. v. Florida Board of Regents, et al, 528 U.S. 62, 120 S.Ct. 631 (2000) found that the ADEA does not abrogate the State's sovereign immunity to suits by private individuals. More specifically, the United States Supreme Court held that "the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the State's sovereign immunity is accordingly invalid." Id., p. 91. Since there is no abrogation of the State's sovereign immunity under the ADEA, there is no abrogation for a claim under 29 U.S.C. § 623 subsection (a)(1) or subsection (d).

The United States Court of appeals for the Second circuit has found that *"Kimel* deprives this Court of subject matter jurisdiction over [the plaintiff's] ADEA claim, so we dismiss the appeal of that issue." Butler v. New York State Dept. Of Law, 211 F.3d 739, 746 (2nd Cir. 2000). Since the Court has no subject matter jurisdiction over the plaintiff's ADEA under 29 U.S.C. § 623 (a)(1) or (d) against the State of Connecticut, under Kimel, the plaintiff's claim for retaliation under the ADEA must be dismissed.

**B.  The Plaintiff Has Failed To State A Claim For Retaliation Under Title VII.**

The last remaining claim that was not dismissed by the court's Ruling on Defendant's Motion to Dismiss is a claim of retaliation under Title VII.  The plaintiff's basic claim appears to be that she could not be rehired by the State of Connecticut because of a hiring freeze and that the Department of Labor knew this when the entered into a settlement agreement with her dismissing a previous lawsuit, which allowed her to apply for employment at other state agencies.

The plaintiff has failed to make to meet the standards for establishing a retaliation claim because she never filled out an application for a specific position, but rather dropped her resume off at two state agencies.  The Department of Labor also has no control over hiring freezes which are controlled by the Governor's Office and the Office of Policy and Management.  Furthermore, individual are hired by the agencies of the State of Connecticut during hiring freezes.  In fact, the job title for which Ms. Easterling was qualified had over 250 outside hires since she signed her settlement agreement.   Accordingly, the defendant is entitled to summary judgment on plaintiff's claim of retaliation under Title VII.

>  42 U.S.C. § 2000e-3(a) provides, in relevant part, that
>
>  [i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . .to discriminate against any individual . . .because he has opposed any practice made unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner or an investigation, proceeding, or hearing under this subchapter.

"In order to establish a claim under Title VII for retaliation, plaintiff must show that ; (1) she was engaged in an activity protected by Title VII; (2) the employer was aware that plaintiff was engaged in the protected activity; (3) the plaintiff suffered a disadvantageous employment activity; and (4) a casual relation exists between the protected activity and the employment action." Hill v. Pinkerton Sec. & Investigation Services, 977 F.Supp. 148, 157 (D.Conn. 1997)(citation omitted); Gallagher v. Delaney, 139 F.3d 338 (2nd Cir. 1998);  Holt v. KMI Continental, Inc., 95 F.3d at 130, quoting Tomka v. Seiler Corp., 66 F.3d 1295, 1308 (2nd Cir 1995).

If the plaintiff meets this burden, the defendant must articulate a legitmate non-discriminatory reason for its actions.  Johnson v. Palma, 931 F.2d 203, 207 (2d Cir. 1991).  If the defendant meets this burden of production, then the plaintiff will then have an opportunity to prove that the proffered reason was merely a pretext for retaliation and that the employer's action was prompted by impermissible motive.  Tomka v. Seiler, Corp., 66 F.3d 1295, 1308 (2d Cir. 1995).

The defendant does not contest that Ms. Easterling filed a discrimination complaint and that the agency was aware Ms. Easterling had filed such a complaint.  However, there is no evidence to support an argument that Ms. Easterling suffered a disadvantageous employment activity.   Ms. Easterling stated she dropped of her resume at two state agencies but never filed out applications. Local Rule 56(a)(1) Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried, hereinafter SOF, ¶ 14-17.  In fact after from December of 2001 until the time of the Deposition in February of 2004, Ms. Eastlering did not look for employment any where. SOF, ¶ 18.  How can someone suffer a disadvantageous employment activity when they didn't fill out a job application for a specific position?

Ms. Easterling appears to be arguing that there was a job freeze, which the Department of Labor knew would prevent her from being rehired with the State of Connecticut when she signed the Settlement Agreement and General Release in July of 2000. First of all, the Department of Labor has no authority or control over the decision to order hiring freezes. SOF, ¶ 24. In fact that power rests with the Governor's Office and the Office of Policy and Management. SOF, ¶'s 20, 21, 22, 23 and 24. Furthermore, when there are hiring freezes, individuals are still hired by the State of Connecticut. SOF, ¶ 21. In fact, in the case of Ms. Easterling over 250 individuals outside of state service have been hired for Clerk or Clerk Typist positions for which she was qualified. SOF, ¶'s 25, 26 and 27. Therefore, Ms. Easterling's conclusory allegation that individuals were not being hired because of the job freeze is without merit.

There is no support then for an argument that there is a connection between Ms. Easterling discrimination complaint and not being hired by the State of Connecticut when she dropped off a resume to University of Connecticut and the Department of Public Works, but never filled out a job application for a specific position. The limited number of agencies that the plaintiff submitted resumes to also demonstrates that the plaintiff's claim that she was retaliated against by not being rehired is a mere conclusory allegation which does not support a claim for retaliation. Accordingly, the defendant is entitled to summary judgment on plaintiff's claim of retaliation under Title VII.

## **CONCLUSION**

For all of the foregoing reasons, the defendant respectfully submits that there is no genuine dispute as to the material facts and it is entitled to summary judgment as a matter of law on all grounds of the plaintiff's Complaint.

DEFENDANT,
STATE OF CONNECTICUT,
DEPARTMENT OF LABOR,
OSHA DIVISION, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Maria C. Rodriguez
Assistant Attorney General
Federal Bar No. Ct 08946
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel.: (860) 808-5340
Fax.: (860) 808-5385
Email address:
Mariac.Rodriguez@PO.STATE.CT.US

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed postage prepaid on April 30, 2004 to:

Eloise Easterling, pro se
35 Imlay Street
Hartford, CT 06105

J. William Gagne
Gagne & Associates
1260 Silas Deane Highway
Wethersfield, CT 06109

_____
Maria C. Rodriguez
Assistant Attorney General