UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELOISE EASTERLING,<br>    *PLAINTIFF* | : | CIVIL ACTION NO. 3:02CV393 (MRK) |
| V. | | |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF LABOR,<br>OSHA DIVISION, ET AL.,<br>    *DEFENDANTS* | : | APRIL 30, 2004 |

**LOCAL RULE 56(a)1 STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE
IS NO GENUINE ISSUE TO BE TRIED**

1. Ms. Easterling, an African-American female, was hired by the State of Connecticut, Department of Labor as a Clerk Typist in the OSHA Division on June 16, 1989. Affidavit of Thomas Malecky, attached hereto as Exhibit 1, ¶ 4 & Attachment A.

2. Ms. Easterling was promoted to the position of Office Assistant effective February 4, 1994. Id, ¶ 5 & Attachment B.

3. On February 10, 1996, Ms. Easterling filed a complaint with the Connecticut Commission on Human Rights and Opportunities asserting that she was discriminated against based on her race. Doc. #29, Ruling on Defendant's Motion to Dismiss issued March 13, 20003, p. 1.

4. On or about October 24, 1997, Ms. Easterling filed a Federal Complaint against the State of Connecticut, Department of Labor, OSHA Division, 3:97CV02274(RNC). Doc. #29, Ruling on Defendant's Motion to Dismiss issued March 13, 20003, p. 2.

5. Ms. Easterling was dismissed from the Department of Labor effective December 22, 1998. Exhibit 1, Affidavit of Thomas Malecky, ¶ 6 & Attachment C.

6. On July 17, 2000, Ms. Easterling signed a Settlement Agreement and General Release resulted in her lawsuit being dismissed. Doc.# 29, Ruling on Defendant's Motion to Dismiss issued March 13, 20003, pp. 2-3. Exhibit 2, Transcript of Deposition of Eloise Easterling taken on February 23, 2004, hereinafter Dep., p. 72, lines 20-25 & p. 73, lines 1-9 and Defendant Department of Labor's Exhibit 9.

7. Ms. Easterling signed the Settlement Agreement and General Release and voluntarily entered into the Agreement. Dep., p 73, lines 22-25 & p. 74, lines 1-17.

8. Ms. Easterling was represented by Felix Springer of Day, Berry & Howard, when she signed the settlement agreement. Dep., p. 78, lines 1-12.

9. Paragraph 3 of the Settlement Agreement stated that "[t]he Plaintiff agrees not to re-apply for employment with the State of Connecticut, Department of Labor, but may apply for employment with other State of Connecticut department or agencies." Exhibit 2, Defendant Department of Labor's Exhibit 9.

10. On April 30, 2001, Ms. Easterling filed a complaint with the Connecticut Commission on Human Rights alleging retaliation. Doc. #29, Ruling on Defendant's Motion to Dismiss issued March 13, 20003, p. 3.

11. On or about March 4, 2002, the Plaintiff, Eloise Easterling, filed a Complaint against the State of Connecticut, OSHA Division; Donald Hecker; Richard Palo, Bennett Pudlin and AFSCME-CIO, which is the pending action. Doc. # 1, Complaint.

12. The Defendants, State of Connecticut, OSHA Division; Donald Hecker, Richard Palo and Bennett Pudlin filed a Motion to Dismiss the Plaintiff's Complaint. Doc. # 18, Motion to Dismiss and Doc. # 19, Defendant's Memorandum of Law in Support of Motion to Dismiss.

13. On March 13, 2003, the court granted the defendants' Motion to Dismiss as to all claims against the individual defendants and all claims other than retaliation as to the State of Connecticut, Department of Labor, OSHA Division. Doc. #29, Ruling on Defendant's Motion to Dismiss issued March 13, 2003, p. 12.

14. Ms. Easterling claims that she submitted her resume to the University of Connecticut Storrs sometime in 2000. Dep., p. 90, lines 1-21.

15. Ms. Easterling did not file applications with the University of Connecticut, because she heard there was a freeze on from the paper and Natalie Campbell. Dep., p. 90, lines 22-25; p. 91, lines 1-6; p. 93, lines 1-25.

16. Ms. Easterling also claims that she called the Department of Public Works and submitted her resume, but that she did not have the training for some of the clerical positions and did not apply for other ones because of the hiring freeze. Dep., pp. 97-102.

17. Ms. Eastlering also claims she called the Department of Children and Family Services but did not submit her resume because of the hiring freeze. Dep., p. 112-113.

18. Ms. Easterling did not look for any other job openings with any other state agencies or any other employer because she became sick from December of 2001 until the time of her deposition. Dep., p. 113, 21-25; p. 114, lines 1-16.

19. Ms. Easterling admitted that no one ever said she would be rehired by a state agency. Dep., p. 115, lines 4-19.

20. On September 1, 1999, Governor John Rowland announced a limited hiring freeze of state employees that was implemented by the Office of Policy and Management. Exhibit 1, Affidavit of Thomas Malecky, ¶; Attachment D and E; and Exhibit 3, September 2, 1999, Hartford Courant article, <u>Rowland Limiting State Hires\Governors' Partial Freeze Affects 200 Planned Jobs</u>, article printed from the Hartford Courant Archives.

21. Even during the hiring freeze agencies were still able to hire state employees that were critical to public health, welfare or safety or essential to the management of state responsibilities. Furthermore, positions in the Higher Education Constituent Units were exempt from the hiring freeze. Exhibit 1, Affidavit of Thomas Malecky, ¶ 9 & Attachment E; and Exhibit 6, Affidavit of Dr. Pamela Libby, ¶ 10.

22. In January of 2001, Governor Rowland tightened what had been a more relaxed hiring freeze. Exhibit 4, January 12, 2001, Hartford Courant Article, <u>Governor Tightens Hiring Freeze; Critics Protest</u>, article printed from the Hartford Courant Archives.

23. In December/November of 2002 Governor Rowland announced that state employees would be laid off and state employees were laid off soon thereafter. Exhibit 1, Affidavit

of Thomas Malecky, ¶ 10 and See Exhibit 5, December 6, 2002, Hartford Courant Article, <u>The List of Layoffs</u>, from the Hartford Courant Archives.

24. The decision to order hiring freezes and layoffs lies with the Governor's Office and the Office of Policy and Management. The Department of Labor has no authority or control over instituting layoffs or hiring freezes. Exhibit 1, Affidavit of Thomas Malecky, ¶ 11.

25. Ms. Eastlering would have been qualified to apply for vacant Clerk and Clerk Typist positions. Exhibit 6, Affidavit of Dr. Pamela Libby, ¶ 5.

26. There were over 140 Clerk Typist positions filled by individuals from outside of state service from July 10, 2000 through February 9, 2004. Attachment A is copy of the Clerk Typists that were hired by the State of Connecticut between July 10, 2000, and February 9, 2004. <u>Id</u>., ¶ 6.

27. There were over 100 Clerk positions filled by individuals from outside of state service from July 14, 2000 through April 16, 2004. Attachment B is copy of the Clerks that were hired by the State of Connecticut between July 14, 2000, and April 16, 2004. <u>Id</u>., ¶ 7.

                                              DEFENDANT,
                                              STATE OF CONNECTICUT,
                                              DEPARTMENT OF LABOR,
                                              OSHA DIVISION

                                              RICHARD BLUMENTHAL
                                              ATTORNEY GENERAL

BY:    _____
            Maria C. Rodriguez
            Assistant Attorney General
            Federal Bar No. Ct 08946
            55 Elm Street
            P.O. Box 120
            Hartford, CT 06141-0120
            Tel.: (860) 808-5340
            Fax: (860) 808-5385
            Email Address:
            Mariac.Rodriguez@PO.STATE.CT.US

## **CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was mailed postage prepaid on April 30, 2004, to:

Eloise Easterling, pro se
35 Imlay Street
Hartford, CT 06105

J. William Gagne, Esq.
Gagne & Associates
1260 Silas Deane Highway
Wethersfield, CT 06019

                                              _____
                                              Maria C. Rodriguez
                                              Assistant Attorney General