## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELOISE EASTERLING, | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02CV393 (MRK) |
| | : | |
| VS. | : | |
| | : | |
| STATE OF CONNECTICUT, DEPT. OF | : | |
| LABOR, OSHA DIVISION, ET AL., | : | |
| Defendants | : | MAY 17, 2004 |

### STATEMENT PURSUANT TO D.CONN., L.CIV.R. 56(a)(1) IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT AFSCME, COUNCIL 4, AFL-CIO

Pursuant to D.Conn., L.Civ.R. 56(a), defendant AFSCME, Council 4, AFL-CIO [hereinafter the "Union"], submits the following statement of undisputed material facts:

1.      Prior to December 22, 1998, the plaintiff, Eloise Easterling, was employed by defendant State of Connecticut, Department of Labor, OSHA Division.

2.      On September 27, 1995, a meeting was held regarding a grievance filed by the plaintiff. Ex. 1 to Ex. B.

3.      Such grievance was filed because Lee Palmer, Director of Human Resources, had overheard a conversation between the plaintiff and a customer, and he had felt that such conversation was not conducted in a professional manner. Accordingly, he informed the plaintiff that this type of verbalizing was not allowed or acceptable in this office. Ex. 1 to Ex. B.

4.      Elizabeth Fandacone, the Union steward, was present at the meeting. Ex. 1 to Ex. B.

5.      At the end of the meeting, the plaintiff stated that she did not wish to go any further with the grievance. Ex. 1 to Ex. B.

6.    Subsequently, the plaintiff filed a grievance in connection with a reprimand and one-day suspension received on January 8, 1997.  Ex. 2 to Ex. B.

7.    The plaintiff was represented by Denise Woike, Union steward, in connection with such grievance.  Ex. 2 to Ex. B; Depo. at 17-18.

8.    The plaintiff settled the grievance.  Ex. 3 to Ex. B; Depo. at 18-19.

9.    Thereafter, the plaintiff filed a grievance in connection with a five-day suspension received for improper conduct on April 30, 1997.  Ex. 4 to Ex. B.

10.    The plaintiff was represented by Marie King, Union service representative, in connection with such grievance.  Ex. 5 to Ex. B.

11.    The grievance was settled so that the five-day suspension was reduced to one day, and a one-day suspension issued earlier in 1997 was voided.  Ex. 5 to Ex. B; Depo. at 20-21.

12.    On or about June 24, 1998, the plaintiff filed a grievance in connection with a memorandum she was given with respect to attendance and tardiness.  Ex. 6, 7 to Ex. B.

13.    The grievance was resolved.  Depo. at 29; Ex. 8 to Ex. B.

14.    On or about September 22, 1998, the plaintiff filed a grievance claiming that she was not being provided with work assignments and training.  Ex. 9, 10 to Ex. B; Depo. at 30-32.

15.    This grievance was settled.  Ex. 10 to Ex. B; Depo. at 30-32.

16.    On or about October 19, 1998, the plaintiff filed a grievance after she was given a one-day suspension for tardiness.  Ex. 11 to Ex. B.

17.    The grievance was settled in that the suspension was amended to a written warning.  Ex. 12 to Ex. B.

18.    The plaintiff's employment was terminated effective December 22, 1998.  Ex. 13 to Ex. B.

2

19.    The Union filed a grievance on the plaintiff's behalf, asking that she be reinstated and made whole. Ex. 14 to Ex. B.

20.    The grievance was denied at Step III. Ex. 15 to Ex. B.

21.    At the time of her dismissal, the plaintiff was a party to a lawsuit entitled Easterling v. State of Connecticut, Department of Labor, OSHA Division, No. 3:97 CV 02274 (RNC) [hereinafter the "first lawsuit"]. Ex. 16 to Ex. B.

22.    The Union was not a party to the first lawsuit. Ex. D.

23.    As part of the settlement of the first lawsuit, the plaintiff agreed to withdraw her grievance with respect to the termination of her employment. Ex. 16 to Ex. B.

24.    The plaintiff was represented by counsel from Day, Berry & Howard, which counsel had been appointed by the Court, in connection with the negotiation and settlement of the first lawsuit. Depo. at 76-79; Ex. D.

25.    The plaintiff voluntarily entered into such settlement agreement. Depo. at 74.

26.    On or about April 30, 2001, the plaintiff filed with the Connecticut Commission on Human Rights and Opportunities [hereinafter the "CCHRO"] an affidavit of illegal discriminatory practice [hereinafter the "EEOC charge"]. Ex. A.

27.    The first page of the EEOC charge contains the following statement:  *"The respondent is/are* St. of Ct. Labor Dept. and the OSHA Division. I also wish t[o] include the AFlCiO [sic] Union."  Immediately below this language is the following statement:  *"whose business address is/are* Labor: 200 Folly Brook Blvd, Wethersfield, Ct. 06109". No address is provided for the Union. Ex. A [italics represent language on preprinted form].

3

28.     On the second page, the plaintiff includes the following statement:   "The Respondent is the State of CT Labor Department—OSHA Division. I also would like to include the AFSCME Council 4 union." Ex. A.

29.     The "particulars" set forth on such page do not include any allegations which would support a finding that the Union discriminated against the plaintiff pursuant to either Title VII or the ADEA. Ex. A.

30.     By letter dated December 21, 2001, the EEOC issued a right-to-sue letter, indicating that it was closing the file on this matter on the grounds that the EEOC charge had been untimely filed.  See Letter, dated December 21, 2001, from Robert L. Saunders, Director, EEOC, to Eloise Easterling, attached to the plaintiff's complaint [hereinafter the "right-to-sue letter"].

31.     The right-to-sue letter reflects that a copy was sent to the State of Connecticut Department of Labor, OSHA Division; however, nowhere does such letter reflect that the Union was given notice thereof, or was even considered by the EEOC to be a respondent in the matter.

32.     The plaintiff's complaint, filed March 4, 2002, does not allege that the Union engaged in any wrongdoing.

33.     The plaintiff's complaint does not allege any facts which, if proven, would support a finding that the Union violated either Title VII or the ADEA.

DEFENDANT, AFSCME, COUNCIL 4, AFL-CIO

By _____
J. William Gagne, Jr.
Gagne & Associates, P.C.
1260 Silas Deane Highway
Wethersfield, CT  06109
(860) 522-5049
Federal Bar No. ct02126

4

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed via first-class mail, postage prepaid, on May 17, 2004, to all counsel and pro se parties of record, as set forth below:

Ms. Eloise Easterling
35 Imlay Street
Hartford, CT  06105

A.A.G. Edward F. Osswalt
A.A.G. Maria C. Rodriguez
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120

_____
J. William Gagne, Jr., Esq.

5